**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine Dougherty, et al., | No. CV10-0978 PHX DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Lincare, Inc., a foreign corporation, et al., | |
| Defendants. | |

Defendant Lincare Holdings, Inc. ("LHI") has filed a motion to dismiss for lack of personal jurisdiction. Doc. 10. For reasons stated below, the Court will grant the motion.

**I.  Background.**

LHI is a Delaware-incorporated holding company that owns 100% of the stock of Lincare, Inc. ("Lincare"), a Delaware corporation that provides respiratory therapy services and medical equipment to patients in Arizona and 47 other states. Doc. 1 at 2; Doc. 14 at 3. Plaintiffs Richard and Catherine Dougherty filed this lawsuit against both LHI and Lincare, alleging they were injured by the negligent acts or omissions of an employee of Lincare and asserting claims of negligence, negligent supervision, negligent infliction of emotional distress, and loss of consortium. Doc. 1-1.

**II.  Legal Standard.**

Plaintiffs bear the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because the Court is resolving the motion to dismiss before discovery has been conducted and without an evidentiary hearing, plaintiffs

"need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, plaintiffs "need only demonstrate facts that if true would support jurisdiction[.]" *Id.*; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("[T]he prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true.").

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995); Ariz. R. Civ. P. 4.2(a). Absent traditional bases for personal jurisdiction (i.e., physical presence, domicile, and consent) the Due Process Clause requires that nonresident defendants have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court may exercise either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984); *Ziegler*, 64 F.3d at 473. A court may assert general jurisdiction if the defendant's activities in the forum state are substantial or continuous and systematic, even if the cause of action is unrelated to those activities. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)). A court may assert specific jurisdiction if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)); *Burger King*, 471 U.S. at 472-76.

A corporate defendant can be subject to personal jurisdiction due to its own contacts with the forum state. If a corporation owns a subsidiary, it can also be subject to personal

jurisdiction based on actions of its subsidiary if certain requirements are met. Under Ninth Circuit law, a parent-subsidiary relationship, standing alone, is insufficient to establish personal jurisdiction over the parent company. *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). However, "a subsidiary's contacts may be imputed to the parent company where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003); *Doe*, 248 F.3d at 926.

**III. Analysis.**

Plaintiffs do not dispute that LHI has no contacts with Arizona other than through its subsidiary Lincare. Doc. 14. As a result, the question before the Court is whether LHI, as the parent of Lincare, is subject to personal jurisdiction based on Lincare's acts. Plaintiffs must show either that Lincare is LHI's alter ego or that Lincare is the general agent of LHI. *Harris Rutsky*, 328 F.3d at 1134; *Unocal*, 248 F.3d at 926. Plaintiffs have failed to make either showing.

**A. Alter Ego.**

For a subsidiary to be considered its parent's alter ego, " the plaintiff must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice.'" *Unocal*, 248 F.3d at 926 (quoting *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)). "Underlying both of these factors is a general presumption in favor of respecting the corporate entity." *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).

Plaintiffs argue that because LHI owns 100% of Lincare's stock and Lincare functions as LHI's representative nationwide, there is such a unity of interest and ownership that separate entities do not exist. Doc. 14 at 7. Plaintiffs argue further that LHI wrongfully uses Lincare "as a marketing conduit in order to shield itself from liability [for Lincare's] activities" and that the separation of the two corporations "is only a device to divert attention away from the holding company and solely to the subsidiary, which does not control the

financial purse strings." *Id.* Plaintiffs add the following facts: Lincare and LHI have identical officers and directors; Lincare and LHI have held themselves out to the public as one company; LHI has referred to itself as "Lincare" and represented its services as those of Lincare in correspondence with the Centers for Medicare & Medicaid Services; LHI's Board of Directors oversees the risk management process; there are cross-references to LHI on Lincare's website, such as direction for correspondence sent to Lincare to be addressed to LHI; LHI's corporate office is responsible for Lincare's executive functions, human resources, accounting, information systems, marketing and business development, and acquisitions; and LHI and its subsidiaries report their assets and liabilities as jointly held in statements filed with the Securities and Exchange Commission. Doc. 14 at 10-12.

Plaintiffs fail to cite any Ninth Circuit authority showing that these facts, standing alone or taken together, are sufficient to show a unity of ownership such that regarding LHI and Lincare as separate entities would result in a fraud or injustice.[1] *Id.* at 8. Several of these have been held insufficient by courts in the Ninth Circuit. *See, e.g., Harris Rutsky*, 328 F.3d at 1135 ("100% control through stock ownership does not by itself make a subsidiary the alter ego of the parent," nor does the fact that the companies are run by the same directors or share an office and staff); *Unocal*, 248 F.3d at 926, 928 ("references in the parent's annual reports to subsidiaries . . . do not establish the existence of an alter ego"; "appropriate parental involvement includes monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures"; "[i]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary"). Other courts have rejected Plaintiffs' additional facts, including the sharing of human resource services and information systems, *see Action Manufacturing Co. v. Simon Wrecking Co.*, 375 F.Supp.2d 411, 425 (E.D. Pa. 2005) (holding that the

---

[1] The only case cited by Plaintiffs is *Bellomo v. Pennsylvania Life Co.*, 488 F. Supp. 744 (S.D.N.Y. 1980). *Bellomo* merely stands for the proposition that a holding company which is a mere corporate shell could be subject to personal jurisdiction based on its subsidiary's actions. There is no evidence that LHI is a mere corporate shell.

- 4 -

1 sharing of services does not show unity between the parent and subsidiary when other corporate formalities are respected), and the failure to distinguish between a parent and subsidiary on web pages, *see J.L.B. Equities, Inc. v. Ocwen Financial Corp.*, 131 F.Supp.2d 544, 550 (S.D.N.Y. 2001). Moreover, Plaintiffs have failed to provide any evidence that a failure to treat LHI and Lincare as a single company would sanction a fraud or promote injustice.

**B.  Agency.**

To satisfy the agency exception, the plaintiff must make out a prima facie case that the subsidiary represents the parent corporation by performing services sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent corporation would undertake to perform substantially similar services. *Harris Rutsky*, 328 F.3d at 1135 (citing *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994)). Plaintiffs argue that "[t]hrough Lincare, LHI promotes activities in Arizona," "files reports jointly with Lincare, and would have to individually act but for the presence of Lincare." Doc. 14 at 9-10. But Plaintiffs cite no evidence to support these assertions. Moreover, even if the Court accepted Plaintiffs' alleged facts as true, they do not show that Lincare performs services sufficiently important to LHI that LHI would undertake to perform substantially similar services if Lincare did not exist. *See Harris Rutsky*, 328 F.3d at 1135.

**IT IS ORDERED** that Defendant LHI's motion to dismiss (Doc. 10) is **granted**.

DATED this 13th day of August, 2010.

_____
David G. Campbell
United States District Judge