**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine Dougherty, et al., | No. CV10-0978 PHX DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Lincare, Inc., a foreign corporation, et al., | |
| Defendants. | |

Defendant Lincare Inc. ("Lincare") has filed a motion for determination that Wisconsin law applies to this case. Doc. 36. Plaintiffs Catherine and Richard Dougherty argue that Arizona law applies. Doc. 45. For the reasons that follow the Court concludes that Plaintiffs are correct.[1]

**I.    Background.**

The facts alleged are as follows. Mrs. Dougherty requires oxygen as part of her treatment for heart and lung disorders. Doc. 45 at 2. On December 5, 2007, a Lincare representative met with Mrs. Dougherty and entered into a contract for Lincare to provide Mrs. Dougherty with portable oxygen. *Id.* Beginning on December 5, 2007, Lincare delivered Mrs. Dougherty the oxygen, and continued to do so periodically over the next year and a half. Doc. 36 at 2. In May 2008, Mrs. Dougherty informed Lincare that she had sold

---

[1] Plaintiffs' request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

her home in Wisconsin to move to Arizona, and that she would need sufficient oxygen to make the trip. Doc. 45 at 2. During a May 5, 2008 service call, the Doughertys explained to the Lincare representative that they were driving to Arizona and would need enough oxygen to last at least five days. *Id.* at 2-3. The Lincare representative supplied Mrs. Dougherty with three small oxygen tanks. *Id.* at 3. Plaintiffs expressed concern that the three tanks were not enough. *Id.* The representative assured Plaintiffs that the tanks contained "plenty" of oxygen for the trip. *Id.*

Plaintiffs began their trip to Arizona the next day. *Id.* On May 10, 2008, Plaintiffs were approaching Albuquerque, New Mexico, when Mrs. Dougherty began to feel ill. *Id.* at 4. Mr. Dougherty knew that two of the oxygen tanks were at or near empty, and he checked on the third tank, which was also at or near empty. *Id.* at 3-4. Mr. Dougherty attempted to obtain assistance from the local firehouse, but they denied his request to fill the oxygen tanks. *Id.* at 4. Unsure of where to find help, Mr. Dougherty allowed his wife to rest and then continued toward Arizona where he took her to the hospital. *Id.* At the hospital Mrs. Dougherty was admitted to the intensive care unit and was diagnosed with a heart attack due to oxygen deprivation. *Id.*

**II.    Choice of Law Analysis.**

The Court must first determine whether there is a conflict between the law of Arizona and the law of Wisconsin. *See, e.g., Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005). As the parties recognize, a conflict exists. Wisconsin applies contributory negligence principles, while Arizona applies pure comparative negligence. *See* Wis. Stat. § 895.045; Ariz. Rev. Stat. § 12-2505. Those principles could produce differing results in this case.

When a conflict of law exists "in a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *see also Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003). Arizona has adopted the "most

significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *See Bates v. Super. Ct.*, 749 P.2d 1367, 1369 (Ariz. 1988); *Garcia v. General Motors Corp.*, 990 P.2d 1069, 1075-76 (Ariz. App. 1999). Three sections of the Restatement apply. First, the Court must examine the "general principles of § 145 to determine the number of contacts and the weight of each state's contacts with the parties and the occurrence." *Baroldy v. Ortho Pharm. Corp.*, 760 P.2d 574, 578 (Ariz. App. 1988). Second, those contacts must be considered under the principles of § 6 to determine which state has the most significant relationship to the parties and the occurrence. *Id.* Third, the Court must also consider the specific principles of § 146. *Id.*

**A.     Section 145.**

In deciding which jurisdiction has the most significant relationship, a court should first consider the following factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the docimil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2).

**1. Place of Injury.**

The place of injury is either New Mexico, where Catherine first began to feel ill, or Arizona, where Catherine entered the hospital and was treated for a heart attack due to oxygen deprivation. "[W]hen the law of two states does not conflict, the contacts from those two states should be considered as if they were from the state involved in the choice of law question." *Baroldy*, 760 P.2d at 579. Like Arizona, New Mexico has adopted a pure comparative negligence standard. *Scott v. Rizzo et al.,* 634 P.2d 1234, 1242 (N.M. 1981). Because the parties do not argue New Mexico law should apply, this factor weighs in favor of applying Arizona law.

**2. Place of Conduct Causing the Injury.**

The parties agree that the conduct causing the injury occurred in Wisconsin. Doc. 45 at 8; Doc. 47 at 7. This factor therefore weighs in favor of Wisconsin.

### 3. Domicile.

Domicile in Arizona requires "(1) physical presence and (2) an intent to abandon the former domicile and remain here for an indefinite period of time." *Lake v. Bonham*, 716 P.2d 56, 58 (Ariz. App. 1986) (quoting *DeWitt v. McFarland*, 537 P.2d 20, 21 (Ariz. 1975)). Upon leaving Wisconsin, Plaintiffs abandoned their domicile in that state with the intent to remain in Arizona for an indefinite period of time. Plaintiffs now reside in Arizona. For purposes of this motion, the Court finds that Plaintiffs were domiciled in Arizona.

Defendant is a Delaware corporation, with its principal place of business in Florida. It is not domiciled in Wisconsin.

"In § 145 analyses, the domicile of the plaintiff often carries the greatest weight." *Baroldy*, 760 P.2d at 579. This is because "[c]ompensation of an injured plaintiff is primarily a concern of the state in which plaintiff is domiciled." *Id.*; *Bryant v. Silverman*, 703 P.2d 1190, 1194 (Ariz. 1985). This factor weighs heavily in favor of Arizona.

### 4. Place Where Relationship is Centered.

The relationship between the parties was centered is Wisconsin. "When an injury is caused by an act done in the course of a relationship between the parties, the focus of the Restatement is on the place of that relationship at the time of the act." *Mann v. GTCR Golder Rauner, L.L.C.*, 351 B.R. 685, 696 (D. Ariz. 2006); *See* Restatement (Second) of Conflict of Laws § 145, cmt. e (1971). Mrs. Dougherty contracted with Lincare in Wisconsin, and Lincare's alleged negligence occurred there when it delivered the tanks to make her cross-country trip. This factor weighs in favor of Wisconsin.

### 5. Section 145 Conclusion.

Two of the § 145 factors favor Arizona and two favor Wisconsin. Because Arizona courts give the most weight to the domicile of the plaintiff, however, the § 145 analysis favors Arizona.

## B. Section 6.

Section 6 notes that statutes often determine how broadly a state's law is to be applied. In the absence of a such a statute (there is none in Arizona), Section 6 explains that courts

- 4 -

should consider the needs of the interstate system, the policies of the forum, the policies of other interested states, the protection of justified expectations, the policies underlying the field of law, uniformity of result, and ease in determination of application of the law to be applied.  Restatement (Second) of Conflict of Laws § 6.

In this case, the parties agree that the needs of the interstate and international system are not implicated and that there is no impediment to applying Arizona law.  The relevant policies of the forum suggest that Arizona has a more significant relationship to this case than Wisconsin.  Arizona has a strong interest in ensuring that its residents and its medical system are fully compensated.  Otherwise, the burden of paying for Plaintiffs' injuries will fall upon the state.  *Wendelken v. Super. Ct.,* 671 P.2d 896, 899 (Ariz. 1983).

The protection of justified expectations is irrelevant.  Neither party anticipated the negligent act, and neither party formed an expectation as to which law would apply in the event of negligence.  *See Wendelken*, 671 P.2d at 901.

The basic policies underlying the field of tort law point to both Arizona and Wisconsin.  "The basic policy in the law of torts is to deter tortious conduct and provide compensation for the injured victim."  *Gordon v. Kramer*, 604 P.2d 1153, 1156 (Ariz. App. 1979).  Wisconsin has an interest in deterring tortious conduct that occurs in its state, while Arizona has an interest in providing adequate compensation for its residents.

Certainty, predictability and uniformity of result are also irrelevant.  "Predictability and uniformity of result are of greatest importance in cases where the parties are likely to give advance thought to the legal consequences of their transactions."  *Wendelken*, 671 P.2d at 901.  In this negligence case, it is highly unlikely that the parties gave any thought to the tort consequences of their transaction.

Finally, the Court finds that an Arizona jury could apply Arizona law and Wisconsin law with equal ease.

Most of the § 6 factors are either irrelevant or neutral in this case.  One factor – the relevant policies of the forum – suggests that Arizona has a strong interest in the outcome of this case.  On balance, therefore, the § 6 analysis favors Arizona.

### C. Section 146.

Section 146 states that the law of the state where the injury occurred should be applied unless another state has a more significant relationship. The Court found above that the injury occurred either in Arizona or New Mexico, and that Arizona has the most significant relationship to the parties and occurrences. The Court therefore concludes that Arizona law should be applied in this case.

**IT IS ORDERED** that Defendant's motion for determination that Wisconsin law applies to this matter (Doc. 36) is **denied.** The Court will apply Arizona law in this case.

DATED this 11th day of April, 2011.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge